

**FILED**
**SEPT. 29, 2021**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM J.R. EMBREY, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Civil Action No.  21-2442 (UNA) |
| MERRICK B. GARLAND *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a Complaint and an application to proceed *in forma pauperis*.  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a former prisoner residing in Fargo, North Dakota, was convicted in the U.S. District Court for the District of North Dakota of "both kidnapping and bank robbery." *Embrey v. Reno*, No. 93-cv-0855, 1993 WL 381711, at *1 (D.D.C. Sept. 9, 1993).  Plaintiff alleges, as he has before, that the federal government is depriving him of his right under the Second Amendment to "possess a legal firearm for lawful purpose."  Compl. at 1; *see Embrey v. United States*, No. 19-cv-01571, 2019 WL 2477086, at **1, 2 (D.D.C. June 13, 2019) (noting plaintiff's "prolific filer" status and his prior challenges to the so-called felon-in-possession statute applied to his "underlying criminal matter"); *see also In re Embrey*, 555 U.S. 1135 (2009) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in

noncriminal matters from petitioner unless the docketing fee . . . is paid and petition submitted in compliance with Rule 33.1").

Here, plaintiff seeks declaratory and injunctive relief essentially "affirming his constitutional interpretations," *Embrey*, 2019 WL 2477086, at *1, and ordering restoration of his purported right to possess a firearm.  *See* Compl. at 35-38.  But following a comprehensive examination of 18 U.S.C. § 922(g)(1), which generally bans convicted felons from owning firearms for life, the D.C. Circuit concluded "that felons are not among the law-abiding, responsible citizens entitled to the protections of the Second Amendment," *Medina v. Whitaker*, 913 F.3d 152, 154 (D.C. Cir. 2019), and it unequivocally held "that those convicted of felonies are not among those entitled to possess arms[,]" *id*. at 160.  And since neither the passage of time nor plaintiff's age and purported rehabilitation, *see* Compl. at 1, can "un-ring the bell" of his unquestionably felony convictions, those factors do not come into play.  *See Medina*, 913 F.3d at 160 (" we hold that for unpardoned convicted felons," such considerations "are not relevant").  So, this case will be dismissed with prejudice.  A separate order accompanies this Memorandum Opinion.

_____s/_____
AMY BERMAN JACKSON
Date: September 29, 2021                 United States District Judge